

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. O-1828
Re: Is a finding by a commissioners'
court that property was over-
valued in a prior assessment
sufficient to authorize said
court to set aside the prior
assessment and re-assess the
property?

We are in receipt of your letter of January 5,
1940, in which you request an opinion of this department
as to whether or not a finding by a commissioners' court
that certain property was overvalued in a prior assessment
is sufficient grounds for said court to set aside the
prior assessment and order the property reassessed.

You state that a hearing was held before the com-
missioners' court of your county at which time said court
found that certain property had been assessed at twice its
actual value in past years. You ask whether such a finding
in itself amounts to the finding of a constructive fraud
which would authorize the commissioners' court to set aside
the assessment and authorize the re-assessment by the Tax
Assessor and Collector.

You state by way of conclusion that you are ad-
vising the commissioners' court that excessive valuations
will not alone authorize the setting aside of an assessment
and a re-assessment.

Your position in this respect is entirely in ac-
cord with Opinions No. O-1342 and No. O-1468, previously
sent you by this department.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSIST.

Honorable Ernest Guinn, Page 2

By way of re-affirmance, we again quote you the direct holding on the point of the Supreme Court of Texas in the case of State v. Mallet Land & Cattle Co., 88 S. W. (2d) 471. The court stated as follows:

"The rule has been repeatedly announced that, in the absence of fraud or illegality, the action of a board of equalization upon a particular assessment is final; and, furthermore, that such valuation will not be set aside merely upon a showing that the same is in fact excessive. If the board fairly and honestly endeavors to fix a fair and just valuation for taxing purposes, a mistake on its part, under such circumstances, is not subject to review by the courts. Texas & Pacific Ry. Co. v. City of El Paso (Tex. Sup.) 85 S. W. (2d) 245; Rowland v. City of Tyler (Tex. Com. App.) 5 S. W. (2d) 756; Druesdow v. Baker (Tex. Com. App.) 229 S. W. 493; Duck v. Peeler, 74 Tex. 268, 11 S. W. 1111; State v. Chicago, R. I. & G. Ry. Co. (Tex. Com. App.) 263 S. W. 249; Sunday Lake Iron Co. v. Wakefield, 247 U. S. 350, 38 S. Ct. 495, 62 L. Ed. 1154."

In the above quoted case the Supreme Court is saying that the fact that an excessive valuation was placed on property does not of itself authorize a re-assessment of said property. You are accordingly so advised.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Billy Goldberg_
Billy Goldberg
Assistant

BG:O

APPROVED JAN 16, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN